IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
JASPER DIVISION

HERMAN WAYNE COONER,         )
      Plaintiff,           )
                            )
vs.                          )   CV 02-AR-1820-J
                            )
SPARTAN MOTORS, INC., et al.,)
      Defendants.          )
                            )

## MEMORANDUM OPINION

The court has before it a motion by plaintiff, Henry Wayne Cooner ("Cooner"), to remand the above entitled case which was removed by defendants, Spartan Motors, Inc. ("Spartan") and Goodyear Tire & Rubber Company ("Goodyear"), on the basis of diversity. 28 U.S.C. § 1332. The Notice of Removal alleged that a non-diverse defendant, Marion Andrew Braden ("Braden"), had been fraudulently joined, a fact discovered by defendants during their recent deposition of Cooner. The Notice of Removal was filed within thirty (30) days after the transcript of Cooner's deposition had been delivered to defendants.

There are some obvious things about this case. First, Cooner wanted to be in the state court. When he filed suit on August 31, 2001, in the Circuit Court of Walker County, Alabama, his counsel was fully aware that he could not sue in the federal court, and that the case could not be removed there by Spartan and Goodyear, if a legitimate claim existed and was stated in the complaint against an Alabama resident. Spartan was the manufacturer of the chassis which was on the accident vehicle, a motor home, and Goodyear was the manufacturer of the tire that blew out. The



complaint not only named Spartan and Goodyear under theories of manufacturer's liability, but it named Braden, the driver of the vehicle in which Cooner was riding when the accident occurred. Braden and Cooner are both Alabama citizens. The other obvious fact is that Cooner's counsel knew that if the case remained in the state court for a year, it could not thereafter be removed, even if after the expiration of the year the claim against Braden was voluntarily dismissed. 28 U.S.C. § 1446(b).

The complaint as filed described Cooner as a passenger in the vehicle driven by Braden, who had nothing to do with the manufacture of the vehicle or of the tire, but who was alleged rather enigmatically to have been "negligent and/or wanton." Cooner's tortious conduct was not described with any particularity. The complaint does not say whether Cooner was a passenger for a consideration or a free rider. Braden filed an answer in the state court on September 27, 2001. His answer included a motion to dismiss for failure to "state a claim against this Defendant upon which relief can be granted." This motion to dismiss has never been ruled upon. It was not included as an exhibit to the Notice of Removal, apparently because it was filed in the state court before Braden's counsel was aware of who would be representing Spartan or Goodyear. However, this responsive pleading by Braden had been a matter of record in the state court since September 27, 2001.

As the magical one year window for removal was getting close to closing, Spartan and Goodyear finally got around to taking the deposition of Cooner, who wonderfully testified that he could find no fault with Braden's driving and that Braden had "done nothing wrong." The level of Cooner's or Braden's expertise on tires, and on Braden's degree of responsibility for the maintenance of the tires on this particular

2

motor home before the accident, were not explored at the deposition. From the undisputed fact that the blown out tire is still in Braden's possession, it is reasonable to assume that it was and is his personal property, for which he had and has some responsibility. Hypothetically, if Goodyear produces an expert witness prepared to testify from his examination of this particular tire, that it appears to have been driven under-inflated or over-inflated for a considerable period of time and to have been badly weakened by such abuse and that the misuse or excess wear of the tire was the proximate cause of the blow-out, there is nothing in Cooner's deposition to refute it or to confirm it. Although Cooner's deposition will not stand him in good stead at any trial in which Braden is a defendant, there was nothing in Cooner's deposition that constitutes a contradiction of some prospective expert's criticism of Braden for mistreating the tire, something that could amount to tortious, culpable conduct. This court's thirty years in a courtroom before becoming a judge teaches that is often a good defense strategy to blame the accident on an absent party.

After the Cooner deposition, Spartan and Goodyear had the court reporter quickly prepare a transcript that they characterize in their Notice of Removal as the "other paper" described in 28 U.S.C. § 1446(b) and that is alleged to have first provided them notice that Braden had been fraudulently joined.

In *Smith v. Equitable Life Assu. Co. of U.S.*, 148 F.2d 1447 (ND Ala. 2001), this court was able to sidestep a revisitation of *Harrell v. Reynolds Metals Co.*, 599 F. Supp. 966 (ND Ala. 1985), wherein this court in 1985 held that the transcript of a deposition is not an "other paper" within the contemplation of 28 U.S.C. § 1446(b). The court reasoned in *Harrell* that a party should not be able to create removability by

its own act of taking a deposition and then having it transcribed, **or** that a party who at a deposition first learns of a fact that creates removability is obligated to remove within thirty (30) days without regard to when or whether the court reporter prepares a transcript. Fortunately, this court can again avoid dealing with a possible procedural deficiency that involves whether a deposition constitutes an "other paper", because the court finds that it lacks subject matter jurisdiction. In other words, assuming *arguendo* that the transcript of a deposition can constitute a triggering event for removal, it nevertheless must reveal the existence of subject matter jurisdiction. The Cooner deposition did not create the guarantee of the dismissal of Cooner's action against Braden, the only non-diverse defendant, and as long as there is a mere possibility that Cooner can recover against Braden, complete diversity does not exist. See *Coker v. Amoco Oil Co.*, 209 Fed. 1433, 1440 (11th Cir. 1983); *Triggs v. John Crump Toyota, Inc.*, 154 Fed. 1284, 1287 (11th Cir. 1998).

There are two kinds of fraudulent joinder. They are described this way by Professor Moore:

> The removing defendant must prove either that (1) there is no possibility that the plaintiff will be able to establish a cause of action against the nondiverse defendant in state court, or (2) there has been outright fraud in the plaintiff's pleadings of jurisdictional facts.

15 Moore's Federal Practice, Third Edition, § 102.21[5][a]

In their Notice of Removal defendants did not overtly accuse plaintiff of committing an outright fraud on the court. Since that time they have skirted or flirted with that suggestion. It would, of course, have constituted unethical collusion for

4

Cooner to have entered into the kind of agreement Braden describes in his post-removal affidavit, but Cooner and his counsel deny under oath the essential averments of Braden's version of their conversations in which Cooner and his counsel admit the obvious, namely, that they wanted to stay in the Circuit Court of Walker County, Alabama. The selection of forum and the selection of defendants are decisions that call for lawyer judgment. They are decisions that come as no surprise to anybody. The other kind of fraudulent joinder, the kind "sort of" alleged in this Notice of Removal, is the naming of a non-diverse defendant against whom no cause of action can be established. It is hard to believe that Spartan nor Goodyear were blissfully unaware, until after they had removed the case, that Braden had from the very start formally challenged the viability of Cooner's complaint against him. The usual removal based on alleged fraudulent joinder of a resident defendant depends upon the facial inability of the plaintiff to state a cause of action against him. In this case, there has been no ruling on Braden's motion to dismiss and apparently no effort to obtain a ruling. If the state court had granted Braden's motion to dismiss and there had been no accompanying finding of finality under Rule 54(b), Alabama Rules of Civil Procedure, the case would have been locked into the state court because Cooner's right to appeal within the state judicial system would have to be preserved.. Instead of the usual fraudulent joinder scenario, defendants here are saying that Cooner was simply keeping

5

his case against Braden in "park" until the passage of the one year limitation on removal of a diversity case. This is a strategy that Congress must have contemplated when it enacted 28 U.S.C. § 1446(b). This court is not prepared to use this case as a vehicle for drawing some sort of line between adopting a strategy that legitimately takes advantage of 28 U.S.C. § 1446(b), and making a deliberate decision to commit fraud on the court.

Because the court cannot grant Braden's long pending motion to dismiss for failure to state a claim (the court has not been asked to do so, unless implicitly), and because the court finds that there remains at least a theoretical possibility that Cooner can recover against Braden, no matter how bleak that prospect is, the court is bound to find it lacks subject matter jurisdiction. This court keeps in mind that there is a strong presumption in favor of the jurisdiction of the state forum when chosen by a plaintiff, a presumption reinforced by the fact that this court is a court of strictly limited jurisdiction.

A separate order granting plaintiff's motion to remand will be entered based on the foregoing.

**DONE** and **ORDERED** this 30th day of August, 2002.

_William M. Acker, Jr._
Sr. United States District Judge